William H. Mellin, Appellant, v. Phillips Trust and Savings Bank et al., Appellees.

Gen. No. 40,034.

206

Opinion filed June 30, 1938.

McCarthy & Toomey and Cummings & Wyman, all of Chicago, for appellant; Frank A. McCarthy, John E. Toomey and James C. O'Brien, Jr., of Chicago, of counsel.

Herbert E. Bradley, for certain appellee.

Mr. Presiding Justice McSurely delivered the opinion of the court.

Plaintiff appeals from an order vacating and setting aside a sale of premises under a foreclosure decree and setting aside all proceedings and acts had and performed under the sale.

The foreclosure complaint was in the usual form, alleging an indebtedness of $44,000 and the execution of a trust deed conveying real estate as security. The owners of certain bonds and interest coupons were made parties as unknown owners. A decree was entered and the premises ordered sold. Sale was had by the master July 5, 1935, when it was sold to the representatives of a bondholders' committee for $45,000. July 23, 1935, decree was entered approving the master's sale.

May 20, 1936, Ray Nadall filed her appearance by her attorney and on June 25th filed an intervening petition, in which she asserted that she was the owner

of three $1,000 bonds and one $500; that she turned over her bonds to the bondholders' committee and permitted them to participate in the foreclosure proceedings; that because of her ownership in the bonds she has an interest in the premises litigated.

In general she alleged that she was not adequately represented by the committee and asserted certain matters, hereafter referred to, in which she claimed the bondholders' committee had not followed the directions contained in the decree approving the master's sale. She asked that the trustee and the bondholders' committee be required to file an itemized statement of the receipts and expenditures in the premises; that the decree entered July 23, 1935, approving the sale be carried out; that the bondholders' committee present forthwith a plan of reorganization and that all incumbrances that have been placed on the premises by the bondholders' committee or the trustee, not in accordance with the decree of the court, be declared null and void.

Plaintiff filed an answer denying petitioner's right to file her petition but setting forth an accounting and other matters.

The chancellor on December 9, 1937, on hearing the intervening petition and the answer, held in substance that certain matters contained in the decree approving the sale were inserted for the purpose of inducing the court to approve the sale and without any intention of carrying them out, and that this was a fraud perpetrated upon the court, and it was therefore ordered that the sale of the premises made by the master on July 5, 1935, be vacated and set aside and that all of the acts performed under the sale be vacated and that the order of July 23, 1935, approving the sale be also vacated and set aside. Plaintiff appeals from this order.

In this court plaintiff argues that petitioner had no right to file her petition as she failed to follow the provisions of the statute (ch. 110, par. 174, sec. 50, subpar. 8, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 104.046]) which require that a petition seeking to change a final decree must contain certain jurisdictional allegations. To this petitioner replies that she is not seeking in any way to change or alter the decree of the court and is not coming into court by virtue of the provisions of the cited statute. Her position is that the committee on reorganization and the trustee are not following the directions of the court as given in the decrees, and that she has the right to call the attention of the chancellor to this disobedience that the court may see that its decretal orders are followed. Petitioner could properly file such a petition.

We are of the opinion that upon the merits the order of the chancellor was improperly entered and must be reversed. The particular thing which seems to have moved the court to its conclusion was consideration of the provisions of the decrees and the acts of the bondholders' committee which apparently did not comply with these provisions.

The foreclosure decree provided that in the event a bondholders' committee should become the purchaser at the sale, the committee should present at the time of the application for confirmation of the sale a plan of reorganization, to be adopted on behalf of all depositing bondholders. It is important to note that the outstanding bonds at the date of the sale amounted to $41,125, and the committee purchased the property for $45,000.

Upon the filing of the master's report of sale and distribution a short digest of the plan of reorganization was submitted. In the foreclosure decree the court reserved jurisdiction of the parties and the income from the property, and in the decree approving the master's report of sale it was provided that at the

expiration of the period of redemption a corporation will be formed to acquire title to the premises, which may then arrange for a new first mortgage loan on the premises to pay a portion of the costs, expenses and taxes.

The committee, having bid in the property for an amount which virtually paid all bondholders in full, did not wait for the redemption period to expire before securing a mortgage, but arranged for a $10,000 loan on the master's certificate of sale under an agreement that at the expiration of the redemption period the certificate loan would be converted into a first mortgage, executed by the new corporation. July 12, 1937, after the redemption period, the master's certificate loan was converted into a first mortgage and a trust deed was executed and recorded conveying the premises to secure the corporation's note for $10,000.

Apparently referring to the provisions for a mortgage on the premises after the period of redemption had expired and for an accounting and for plans of reorganization, the chancellor found "that the placing of said provisions in said decree without any intention of carrying them out and merely as an inducement for the Court to approve the sale is such a misrepresentation and fraud perpetrated upon the Court as to warrant the setting aside the sale and the decree approving the sale."

The trustee and committee may have been remiss in following these provisions, but it does not follow that they were incorporated in the decree without any intention of carrying them out. The conclusion that they were placed in the decree merely as an inducement for the court to approve the sale is unwarranted. They are the ordinary and customary provisions inserted in such decrees.

If the so-called plan of reorganization stated in the decree affirming the sale was not satisfactory, or no accounting was filed, these could be ordered by the

court, and this would seem to be the reasonable and fair thing to do.

As to the placing of a mortgage before the period of redemption had expired, this is admittedly an irregularity, but we are unable to see how anyone was injured by this action. Counsel for plaintiff and the committee say that it was through inadvertence that there was omitted from the decree a provision for a loan on the master's certificate. Our attention is called to the costs and taxes which were due and additional tax penalties accruing. The loan on the master's certificate, while prematurely made and should have first received approval of the court, was wisely negotiated under the circumstances.

The petitioner does not claim that anything done by the trustee or by the committee was a fraud upon the court, and in her brief she does not question the correctness of the accounting made in their answer. We see no reason for the entry of an order vacating the master's sale. Such an order is too sweeping and has no relevancy to the things of which petitioner complains.

In case of another sale the bondholders might receive less than they will receive under the instant sale. Certainly to compel another 15 months of a redemption period to pass before a good title could be made would, in all probability, work great injustice to the bondholders.

The order of December 9, 1937, vacating the decree confirming the sale, with other acts, is reversed. As petitioner, Ray Nadall, could properly question the acts of the trustee and of the committee, each party to this appeal shall stand their respective costs.

*Reversed.*

MATCHETT and O'CONNOR, JJ., concur.